# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN SZYMANSKI and CAROL SZYMANSKI,

UNPUBLISHED
March 19, 2015

Plaintiffs-Appellants,

v

No. 319316
Sanilac Circuit Court
LC No. 13-035107-CK

THUMB ELECTRIC COOPERATIVE,

Defendant-Appellee.

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court order holding that the Michigan Public Service Commission (MPSC or commission) had primary jurisdiction over plaintiffs' claim and granting defendant's motion for summary disposition. We affirm.

Plaintiffs filed a five count complaint on April 30, 2013, seeking over $3 million in damages allegedly stemming from defendant's breach of contract and damage to plaintiffs' dairy farm from stray voltage. They alleged that defendant's electrical distribution system was inadequate, thus failing to ensure safe and efficient delivery of electricity, and instead resulting in stray voltage throughout plaintiffs' dairy farm operations and inside their home.

Defendant filed a motion asking the court in pertinent part to "defer its own jurisdiction" to the MPSC, which it claimed was better suited to handle the parties' dispute. Plaintiffs opposed the motion and argued that the MPSC could not provide an adequate remedy for the damages caused by defendant. Plaintiffs further contended that the rules of the MPSC were based on "junk science" and that referral to the commission would be a "kiss of death" because the commission was biased in favor of utilities.

The trial court noted that the MPSC had "clearly established an administrative remedy" and had "complete power and jurisdiction to regulate public utilities;" thus, it concluded that plaintiffs were "required to exhaust their remedies with the [M]PSC prior to seeking relief from this [c]ourt." The court also noted that the primary jurisdiction doctrine was "[s]imilar to the exhaustion of remedies" rule and that the "primary jurisdiction rule [] require[s] Plaintiffs to seek relief from the [M]PSC through its regulatory process." Subsequently, an order was entered granting defendant summary disposition because plaintiffs "must first have the Michigan Public Service Commission determine Plaintiffs' rights."

-1-

An appellate court reviews both a motion for summary disposition and jurisdictional questions such as the primary jurisdiction of an administrative agency de novo. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001); *Durcon Co v Detroit Edison Co*, 250 Mich App 553, 556; 655 NW2d 304 (2002). Additionally, applications of legal doctrines are subject to de novo review. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

We conclude that the trial court did not err in deferring jurisdiction to the MPSC. Primary jurisdiction has been an accepted doctrine in Michigan since the early twentieth century. *Travelers Ins*, 465 Mich at 193-194. In particular, the primary jurisdiction of the MPSC was recognized in 1970. *Id*. at 194-195. Primary jurisdiction "arises when a claim may be cognizable in a court but initial resolution of issues within the special competence of an administrative agency is required." *Id*. at 197 (citation and quotation marks omitted). The exhaustion of administrative remedies rule is closely related. *Id*.

> "Exhaustion" applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. "Primary jurisdiction," on the other hand, applies where a claim is originally cognizable in the courts, and comes into play *whenever enforcement of the claim requires the resolution of issues* which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views. [*Id*. at 197-198 (emphasis in original), quoting *United States v Western P R Co*, 352 US 59, 63-64; 77 S Ct 161; 1 L Ed 2d 126 (1956).]

A court determines application of the primary jurisdiction doctrine on a case-by-case basis, without a formulaic test, considering the rule in issue and the facts of each case. *Id*. at 198. Our Supreme Court has noted three factors for consideration:

> First, a court should consider "the extent to which the agency's specialized expertise makes it a preferable forum for resolving the issue . . . ." Second, it should consider "the need for uniform resolution of the issue . . . ." Third, it should consider "the potential that judicial resolution of the issue will have an adverse impact on the agency's performance of its regulatory responsibilities." Where applicable, courts of general jurisdiction weigh these considerations and defer to administrative agencies where the case is more appropriately decided before the administrative body. [*Rinaldo's Constr Corp v Michigan Bell Telephone Co*, 454 Mich 65, 71-72; 559 NW2d 647 (1997), quoting Davis & Pierce, 2 Administrative Law (3d ed), § 14.1, p 272.]

Primary jurisdiction remains a prudential doctrine of judicial deference and discretion, and it "is well settled that civil litigation is not precluded by deferring jurisdiction to the MPSC; rather, it is merely suspended," *Durcon Co*, 250 Mich App at 557, 563.

Historically, there has been a distinction between tort cases and contract cases when applying the doctrine of primary jurisdiction, such that tort claims have been viewed as being for

the courts and contract claims have been viewed as being for the MPSC. *Travelers Ins*, 465 Mich at 202; *Rinaldo's Constr Corp*, 454 Mich at 75. Yet, a circuit court's tort jurisdiction does not "preclude exercise by the MPSC of jurisdiction over those claims that have traditionally fallen within its authority." *Travelers Ins*, 465 Mich at 202. Even if a party alleges negligence in its pleadings, where the relationship arises out of a contractual relationship, primary jurisdiction is appropriate and the trial court may defer to the administrative agency. *Id*. at 195-196. This Court has stated that where the cause of action was pleaded as negligence, initial review by the commission is appropriate when the nature of the claim is contemplated by regulatory tariff or rule, or arises out of the same facts and circumstances governed by the rules or tariffs. *Durcon Co*, 250 Mich App at 561, 563. Numerous complex claims and issues of fact may require the expertise of the MPSC to decide the extent to which a plaintiff's allegations "implicate and are governed by the regulatory code and tariff rules." *Id*. at 563-564.

Here, the commission clearly was created with regulatory authority over defendant. The MPSC is "vested with complete power and jurisdiction to regulate all public utilities in the state" with a few exceptions not applicable here. MCL 460.6(1). This jurisdiction extends to "all rates, fares, fees, charges, services, rules, conditions of service, and all other matters pertaining to the formation, operation, or direction of public utilities." *Id*. This authority "extends well beyond" the prospective power to promulgate regulations and set rates, and "includes the power and jurisdiction to hear and decide breach of contract claims." *Travelers Ins*, 465 Mich at 202 n 17. Indeed, the commission has promulgated rules, procedures, and remedies regarding claims of stray voltage. Mich Admin Code, R 460.2701 - R 460.2707. These rules were incorporated into defendant's rate book filed with the commission. Therefore, whether viewed as a tariff under defendant's rate book or a regulatory rule from the commission, the stray voltage rules apply to plaintiffs' complaint.

The three factors that guide the primary jurisdiction doctrine are met in this case. *Rinaldo's Constr Co*, 454 Mich at 71-72. First, there are numerous issues of complex, material fact that must be resolved in the dispute. Even plaintiffs have acknowledged the technical nature of their claim. Second, uniform resolution of the issue is required given the rules adopted by the commission that are directly on point. The MPSC created fairly detailed procedures for reporting and responding to stray voltage concerns and "MPSC review is preferable over judicial review" for consistent application of the stray voltage rules and procedures. *Durcon Co*, 250 Mich App at 562. Although plaintiffs contest the scientific validity of the rules, not only can plaintiffs raise those issues in a contested hearing, Rule 460.2706(1)(c), but judging the scientific validity of the rules would be much better served after the application of those rules to the facts at plaintiffs' farm. If either party seeks further judicial review, the court will benefit from the factual development at the regulator level. Third, judgment in the circuit court would frustrate the regulatory scheme and the agency's ability to regulate because it would circumvent the entire, multi-step process designed by the commission to respond to stray voltage concerns. If required, plaintiffs could also seek monetary damages in circuit court following the administrative procedure. *Id*. at 563.

Primary jurisdiction is a doctrine of deference and discretion such that the court's own jurisdiction is merely suspended. *Id*. at 556-557. The trial court did not err in deferring its jurisdiction to the MPSC under the doctrine of primary jurisdiction. Since we find that the

doctrine of primary jurisdiction was properly invoked, we decline to review plaintiffs' argument that application of the exhaustion of administrative remedies rule was inappropriate.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Peter D. O'Connell